UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>RONNIE FADY ELAAWAR<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [65] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:21-cr-00224<br><br>District Judge David Barlow |

This matter is before the court on Defendant Ronnie Fady Elaawar's Motion for Early Termination of Supervised Release.[1] Probation opposes the Motion. For the reasons discussed below, the court denies the Motion.

The entire substance of the motion reads as follows: "Mr. Elaawar has stable housing, employment, has completed substance abuse treatment and has tested clean for illegal substances. He asserts he has not incurred any new criminal charges."[2]

Mr. Elawaar pled guilty to possession with intent to distribute controlled substance and unlawful user of a controlled substance in possession of a firearm and ammunition. He was sentenced to 44 months incarceration and 36 months of supervised release.

Mr. Elawaar's supervised release term began on September 23, 2024. He has maintained steady employment and earned a CDL. He is to be commended for this.

---

[1] ECF No. 65.
[2] *Id*.

1

However, until recently, Mr. Elawaar was not fully compliant with his drug testing condition. While he took dozens of drug tests with negative results, he also missed approximately 15 drug tests. He also previously left the state without permission, apparently twice, between October 2025 and January 2026.

18 U.S.C. § 3583(e) permits the court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that early termination of Mr. Elawaar's supervised release is not appropriate at this time. The nature of the offense, together with Mr. Elawaar's drug history, suggest that either completing the term of supervised release, or a solid period of full compliance with all terms are needed before early termination. Regarding specific and general deterrence, those factors weigh somewhat against early termination on this record. Completing the term of supervised release—which has not been free from violations—supports deterrence at both the individual and more general level. It will also support rehabilitation, since Mr. Elawaar had earlier failures to test timely. Finally, on this record, continuing supervised release is more supportive of promoting respect for the law and providing a just punishment for the offense.

At this time, an early termination of supervised release is not well supported by the § 3553(a) factors and is not in the interests of justice. If Mr. Elawaar can show excellent compliance over a period of several more months, early termination may then be reconsidered.

2

It is therefore ORDERED that the Motion for Early Termination of Supervised Release is DENIED.

DATED this 16th day of June, 2026.

BY THE COURT:

_____
David Barlow
United States District Judge